IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ray Edward Wells, *aka Ray Anthony Wells*, *Ray Wells*, | ) C/A No.: 2:13-3061-TMC-BHH ) ) |
| Plaintiff, | ) ) |
| vs. | ) **REPORT AND RECOMMENDATION** ) |
| SCDF Employees; Warden Larry W. Powers; Dr. Salvatore Bianco; Medical Staff, *individually and in their official capacities*, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff, Ray Edward Wells, *also known as Ray Anthony Wells and Ray Wells* ("Plaintiff"), proceeding pro se and in forma pauperis, brings this civil action against Defendants, seeking compensatory and punitive damages for alleged deliberate indifference to his serious medical needs while he was a detainee in the Spartanburg County Detention Facility ("SCDF") in 2011. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process, because Plaintiff's claims are duplicative of his claims in Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), all of which were dismissed *with prejudice* in Plaintiff's previous lawsuit, when Plaintiff's motion for summary judgment was denied and Defendants' motion for summary judgment was

granted, on February 28, 2012.[1]  See Order, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), ECF No. 105.[2]

**PRO SE AND IN FORMA PAUPERIS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).  The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii).  Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys,

---

[1] See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records.").

[2] This Order (ECF No. 105) was affirmed, and Plaintiff's objections to the Report & Recommendation entered in the case were rejected, by Order dated March 6, 2012. See C/A No. 10-3111, ECF No. 110.

Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal.

The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff, who is not currently incarcerated, files this action pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages for alleged deliberate indifference to serious medical needs while he was a detainee in the SCDF in 2011.[3] Plaintiff complains that he developed an abscess on his left leg in January 2011, in connection with a staph infection, which was not properly diagnosed and treated. Plaintiff complains that he was taken from SCDF to Spartanburg Regional Medical Center Emergency Room on four occasions during 2011, i.e. on 01/12/2011, 04/27/2011, 06/09/2011, 06/10/2011, and

---

[3] The United States Fourth Circuit Court of Appeals has held that the Prison Litigation Reform Act ("PLRA") does not provide for dismissal of a complaint when the Plaintiff "does not meet the PLRA's definition of 'prisoner.'" See Cofield v. Bowser, 247 F. App'x 413, 414 (4th Cir. 2007) ("Because Cofield was not a prisoner when he filed his complaint, the PLRA exhaustion requirement is not applicable to his § 1983 action."); Michau v. Charleston County, South Carolina, 434 F.3d 725, 727-28 (4th Cir. 2006) (affirming the district court's dismissal of two complaints pursuant to § 1915(e)(2)(B), even though the plaintiff was not a prisoner, because the plaintiff was proceeding in forma pauperis).

characterizes these events as four instances of Defendants' negligence, gross negligence, recklessness, willfulness and wantonness. Plaintiff alleges that the treatment and medicine he received on these occasions did not help him and his symptoms continued. Plaintiff asserts four claims in connection with these four treatment dates and seeks $1.5 million in compensatory damages per claim, plus an unspecified amount of punitive damages.

## DISCUSSION

As a threshold consideration, Defendants "SCDF Employees" and "Medical Staff" are not "persons," thus they are not proper defendants in a § 1983 action, and should be summarily dismissed.[4] See 42 U.S.C. § 1983; Monell v. Dep't. of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult

---

[4] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "medical staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. See Barnes v. Baskerville Corr. Cen. Med. Staff, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); Martin v. UConn Health Care, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); Ferguson v. Morgan, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

In Plaintiff's most recent case in this Court, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), he also attempted to bring suit against these improper defendants, i.e. "SCDF Employees" and "SCDF Medical Staff," and his complaint against these non-persons was summarily dismissed. See Order, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), ECF No. 58. For the reasons cited above, Plaintiff's claims in the instant case against SCDF Employees and Medical Staff are subject to summary dismissal, just as they were in Plaintiff's previous case.

In C/A No. 10-3111, Plaintiff alleged deliberate indifference claims against two defendants, "Warden Larry W. Powers" and "Dr. Bianco." Plaintiff's claims in C/A No. 10-3111 involved SCDF staff members' alleged indifference to Plaintiff's chronic right leg pain and migraine headaches, and Plaintiff's alleged falls, in May 2010 (in his cell) and October 2010 (in a common area), and SCDF medical staff's subsequent alleged inadequate

5

medical treatment of his injuries, while Plaintiff was incarcerated in the SCDF, between October 2009 and June 2011. (Plaintiff was transferred to the South Carolina Department of Corrections' Kirkland Reception & Evaluation Center in June 2011, then to Kershaw Correctional Institution in September 2011, then was apparently released in December 2011.) In C/A No. 10-3111, Plaintiff also complained of contracting the recurring staph infection which is the subject of the instant case.

The undersigned's Report & Recommendation ("R&R") in C/A No. 10-3111 discusses Plaintiff's claims of deliberate indifference to these same staph infections, noting that Plaintiff alleges that he developed a swollen right [sic] leg in December 2010, which Plaintiff appears to attribute to his fall on May 26, 2010, which was not treated until January 2011 "when [his] right [sic] leg had to be cut and drain[ed] from the swollen infection built up germs, p[uss], dirt, and blood at the Spartanburg Regional Medical Center." R&R, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), ECF No. 103, p. 10. The Defendants in C/A No. 10-3111 introduced affidavits and records showing that a red knot appeared on Plaintiff's left leg in January 2011, which SCDF medical staff treated with an antiobiotic, Bactrim. However, later in the month of January 2011, Plaintiff developed a boil or abscess on his left leg, which was diagnosed by Spartanburg Regional Medical Center as a staph infection (Methicillin Resistant Staphylococous bacteria or MRSA).

The undersigned's R&R of February 3, 2012 in C/A No. 10-3111 discusses Plaintiff's claim re: his staph infections and abscesses, as alleged in Plaintiff's Amended Complaint (C/A No. 10-3111, ECF No. 12), Supplemental Complaint (C/A No. 10-3111, ECF No. 21), and in the numerous Declarations (C/A No. 10-3111, ECF Nos. 13, 14, 15, 16, 17, 18, 219,

20, 22, 23, 24, 25, 26, 34, 36, 39, 48) and Motions (C/A No. 10-3111, ECF Nos. 33, 37, 55) which were filed by Plaintiff in C/A No. 10-3111, between February 2011 and June 2011, as follows:

> Furthermore, the undisputed evidence reveals that Plaintiff was examined by the medical staff at the SCDF regarding a red knot on his left leg in January of 2011. (Blackwell Aff. ¶ 6.) Plaintiff does not dispute Defendants' evidence that he was "prescribed Bactrim, an antibiotic, in an effort to remedy this medical problem." (Id.) Nor does Plaintiff dispute the evidence that he was transported to Spartanburg Regional Medical Center on January 12, 2011, for treatment. (See id.; see also Dkt. No. 81 at 2 of 7; Dkt. No. 86-3.) Plaintiff himself acknowledges he received treatment for the staph infection, but he contends the treatment was inadequate. He says, "[T]he Defendant Employee's medical personnel and also Dr. Bianco would start off treating the injuries and damages to the staff [sic] infection then they would stop and start treating they systems [sic] then the staff [sic] infection would return. Something the Plaintiff was not incarcerated with." (Dkt. No. 83 at 4-5.) While Plaintiff states that he contracted staph four times while incarcerated at SCDF, he admits that the first staph infection on his left leg had gotten well. (Dkt. No. 84-1 at 2 of 34.) The first indication of infection was in January of 2011, and Plaintiff received treatment for it then.
>
> Although Plaintiff was not satisfied with the treatment he received for his staph infections, complaining that the wound dressing was not changed often enough, such disagreement does not amount to deliberate indifference. See Wright v. Collins, 766 F.2d 841 (4th Cir. 1985) (disagreement as to the proper medical care is not sufficient to establish deliberate indifference to a serious medical need); see also Tozzi v. N.C. Dep't of Corr., 846 F.2d 74 (4th Cir. 1988) (unpublished table decision) (citing Wright, 766 F.2d at 849) ("Absent exceptional circumstances, a difference of opinion between a physician and a prisoner about the appropriate treatment of a condition does not constitute . . . deliberate indifference."); Estelle, 429 U.S. at 105-06 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' . . . . Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").
>
> Because Plaintiff's claims for deliberate indifference fail, the undersigned recommends granting Defendants' Motion for Summary Judgment (Dkt. No. 91) on this claim.[6]
>
> [6] The undersigned also recommends granting Dr. Bianco's Motion for Summary Judgment for the reasons discussed herein. Plaintiff may not now

7

> bring a claim for deliberate indifference for his fall on May 26, 2010, as he has already litigated that claim. Turning to the other two dates in question, the evidence is undisputed that Dr. Bianco saw Plaintiff on October 27, 2010, and ordered that his current treatment be continued, and that Plaintiff was treated by Dr. Bianco and the Spartanburg Regional Medical Center in January of 2011.

R&R, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), ECF No. 103, pp. 13-14. By Order dated February 28, 2012 (ECF No. 105), United States District Judge Cameron McGowan Currie adopted the R&R and dismissed Plaintiff's claims *with prejudice*. See Order, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), ECF No. 105, p. 2. As previously noted, Judge Currie affirmed the Order granting summary judgment to Defendants, and rejected Plaintiff's objections to the R&R entered in the case, in her Order dated March 6, 2012. See Order, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), ECF No. 110, p. 2.

  Thus, Plaintiff's attempts in the instant case to pursue these same claims re: the staph infection and abscess that developed in January 2011 and subsequently recurred while Plaintiff was incarcerated in the SCDF should be summarily dismissed, based on the doctrine of res judicata. While res judicata is ordinarily an affirmative defense, a court may sua sponte apply the doctrine of res judicata in special circumstances, where "it has previously decided the issue presented" to avoid unnecessary judicial waste. Georgia Pacific Consumer Products, LP v. Von Drehle Corp., 710 F.3d 527, 535 (4th Cir. March 14, 2013) (quoting Arizona v. California, 530 U.S. 392, 410-12 (2000)); see also Erline Co. S.A v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006) ("the affirmative defense of res judicata — which serves not only 'the defendant's interest in avoiding the burden of twice defending a suit,' but also the important judicial interest in avoiding resolution of an issue that the

court has already decided — may, in 'special circumstances,' be raised sua sponte.") (quoting Arizona, 530 U.S. at 412-13).[5]

Res judicata bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. I.A.M. Nat'l. Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946-947 (D.C.Cir. 1983). To establish res judicata as a bar to this litigation, the following three elements must be demonstrated: 1) identity of the parties or their privies in the two suits; 2) identity of the subject matter in both the earlier and the later suit; and 3) a final determination on the merits of the claim in the prior proceeding. Briggs v. Newberry County Sch. District, 838 F.Supp. 232, 235 (D.S.C. 1992), aff'd., 989 F.2d 491 (4th Cir. 1993); Andrews v. Daw, 201 F.3d, 521, 524 (4th Cir. 2000). The Defendants named in the instant case (SCDF Employees, Warden Larry W. Powers, Dr. Salvatore Bianco, and SCDF Medical Staff) are the same Defendants who were named in Plaintiff's previous lawsuit, and qualify as privies. Cf. Bells v. Ozmint, No. 06-2266, 2007 WL 1862668, at * 2, and n. 2 (D.S.C. Jun. 6, 2007). The allegations contained in the instant Complaint stem from the same set of facts that gave rise to Plaintiff's claim for relief in his prior case. The issue of Plaintiff's contraction of a staph infection in January 2011, its recurrences, and Defendants' alleged deliberate indifference to Plaintiff's medical needs in connection with the staph infections, was litigated and rejected by this Court in Plaintiff's prior lawsuit. There was a final judgment on the merits in Plaintiff's prior suit, which was dismissed with prejudice on summary

---

[5] In Arizona, the Supreme Court identified one such "special circumstance" as occurring when "a court is on notice that it has previously decided the issue presented" in another case and, by raising the issue on its own motion in a different case, thereby may avoid "unnecessary judicial waste." FN11, 530 U.S. at 412 (citation omitted).

9

judgment.  See Orders, Wells v. SCDF Employess et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), ECF Nos. 105, 110.

The ruling in Plaintiff's previous case, C/A No. 10-3111, is binding in the case at bar, and the Court is not required to relitigate these issues.  See Aloe Creme Laboratories, Inc., 425 F.2d at 1296 ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). Therefore, Plaintiff's Complaint should be summarily dismissed.  See Shoup v. Bell & Howell, 872 F.2d 1178, 1181-82 (4th Cir. 1989) (noting that grants of summary judgment are considered "on the merits" for the purposes of res judicata, and holding that "justice is better served by attributing finality to judgments . . . than by second efforts at improved results.").  Furthermore, the doctrine of res judicata not only "bar[s] claims that were raised and fully litigated," but also "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."  Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc., 892 F.2d 355, 359 (4th Cir. 1989) (internal quotation marks and citation omitted).

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process.  Plaintiff's attention is directed to the important notice on the next page.

December 13, 2013                                                              s/Bruce Howe Hendricks
Charleston, South Carolina                                                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).