IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ray Edward Wells, | ) | |
| | ) | Civil Action No. 2:13-3061-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SCDF Employees; Warden Larry W. Powers; Dr. Salvatore Bianco; Medical Staff, individually and in their official capacities, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, Ray Edward Wells, a former state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's Complaint be summarily dismissed without prejudice and without issuance and service of process. (ECF No. 15). Rather than file objections, Plaintiff has filed a motion to amend his complaint. (ECF No. 17).

In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

As noted above, rather than file specific objections to the Report, Plaintiff has filed a motion to amend his complaint. However, even if the court were to construe Plaintiff's motion to amend as objections to the Report, "[w]hen a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982), the court reviews the Report only for clear error, *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The Court finds that in this case any objections are nonspecific, unrelated to the dispositive portions of the magistrate judge's Report, and repetitive since they merely restate Plaintiff's claims. The court has thoroughly reviewed the Report and Plaintiff's motion and finds no reason to deviate from the Report's recommended disposition.

Moreover, reviewing Plaintiff's motion to amend and liberally construing it, the court finds that granting Plaintiff's motion to amend would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile.").[1] The claims Plaintiff raises in his proposed Amended Complaint are duplicative of the claims he brought in *Wells v. SCDF Employees*, et al., C/A No. 2:10-

---

[1] Fed.R.Civ.P. 15(a)(1) provides, in relevant part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." In *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010), a defamation action, the Fourth Circuit Court of Appeals held that a plaintiff's aright to amend his complaint once under Fed.R.Civ.P. 15(a) is absolute, irrespective of whether the amendment would prove futile. *Id*. The circuits are split on whether a plaintiff who is proceeding in forma pauperis ("IFP") under 28 U.S.C. § 1915 has an absolute right to amend. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013) (discussing split and cases). The Fourth Circuit has not addressed this issue in a published opinion. However, recently, in an unpublished per curiam decision, the Fourth Circuit affirmed a district court's decision addressing this issue. *Rutledge v. Town of Chatham*, C/A No. 10-2310414 F.App'x 568 (2011). In *Rutledge*, 2010 WL 4791840 (W.D.Va. 2010), the district court distinguished the holding in *Galustian* based upon the fact that the plaintiff was proceeding IFP. The district court noted that § 1915 allows the court to exercise a great deal of control over the claims of a plaintiff who is proceeding IFP, and the court may at any time pre-screen and dismiss claims that are frivolous or fail to state a claim. The court finds the analysis and holding set forth in *Rutledge* persuasive.

2

3111-CMC-BHH (D.S.C.), which was dismissed with prejudice. Accordingly, the motion to amend is denied.

Therefore, the court adopts the Magistrate Judge's Report (ECF No. 9) and incorporates it herein. It is therefore **ORDERED** that the Plaintiff's Complaint is **DISMISSED** without issuance and service of process. Additionally, Plaintiff's Motion to Amend (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 28, 2014
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3